Bruce H. Rabinovitz, Esq. – *Pro Hac Vice*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 2006
Telephone: (202) 663-6960
Facsimile:  (202) 663-6363
E-mail:  bruce.rabinovitz@wilmerhale.com

Paul M. Winke, Esq. – *Pro Hac Vice*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8808
Facsimile:  (212) 230-8888
E-mail:  paul.winke@wilmerhale.com

Richard G. Grotch, Esq. – SBN 127713
**CODDINGTON, HICKS & DANFORTH**
**A Professional Corporation, Lawyers**
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Telephone: (650) 592-5400
Facsimile:  (650) 592-5027
E-mail:  rgrotch@chdlawyers.com

**ATTORNEYS FOR** Defendant
UNITED AIR LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br><br>Defendants. | Case No. C 10-4816 WHA<br><br>DEFENDANT'S RESPONSE TO STATEMENT OF INTEREST BY THE UNITED STATES |

United Air Lines, Inc. ("United") files this short response to the Statement of Interest by

the United States ("Statement") to advise the Court that United agrees with the Statement in all

respects: the accessibility of automated ticketing and boarding kiosks at airports is governed by federal law, and Plaintiffs' claims are preempted for three independently sufficient reasons.[1] United is aware that the U.S. Department of Transportation ("DOT") is considering a modification of its final rule regarding kiosks. *See* 14 C.F.R. § 382.57. United will of course abide by any validly adopted and applicable federal regulations governing this subject.

United agrees with the United States that Plaintiffs' claims are field preempted by the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA"), because DOT's regulations with respect to the prohibition of disability discrimination generally, and automated kiosks in particular, are "not only pervasive but also encompass Plaintiff's claims in this present case." Statement at 7. United also agrees that Plaintiffs' claims are conflict preempted by the ACAA because the remedy "sought by Plaintiffs would undermine the purpose behind DOT's regulations—the clear and consistent implementation of assistance to blind and other passengers—by forcing the installation of kiosks accessible to the blind in California in a certain way prior to DOT further evaluating the costs and technical feasibility of such a requirement for all kinds of air travelers with disabilities." *Id.* at 10.

Finally, United agrees with the United States that Plaintiffs' claims are expressly preempted by the Airline Deregulation Act, 49 U.S.C. § 41713, because United's provision of kiosks constitutes a "service," as that term is used in the statute's preemption provision, especially given the Supreme Court's holding "that the 'essential details' of a carrier's transportation system are 'services' for purposes of the Deregulation Act and are therefore protected from state regulation." Statement at 13 (quoting *Rowe v. New Hampshire Motor Transport Association*, 552 U.S. 364, 376 (2008)). United also agrees with the United States that

---

[1] United notes that the Statement is signed by attorneys representing both the U.S. Department of Transportation and the U.S. Department of Justice.

the Ninth Circuit's "limited definition of 'services' is … on unstable ground in the wake of *Rowe*." Statement at 13.  But even if that definition of "services" were still valid, United concurs with the United States that Plaintiffs' claims are nevertheless preempted, because here, "[u]nlike the claims in *Charas* [*v. Trans World Airlines, Inc.*, 160 F.3d 1259 (9th Cir. 1998)], Plaintiffs effectively seek to require United and other airlines 'to offer a system of services that the market does not now provide (and which the carriers would prefer not to offer).'"  Statement at 14 (quoting *Rowe*, 552 U.S. at 372).

The United States also indicates that the DOT "plans to seek further comment about kiosks in a forthcoming supplemental notice of proposed rulemaking (SNPRM)," and that the SNPRM is slated for publication by September 30 of this year.  Statement at 5 (quoting Nondiscrimination on the Basis of Handicap in Air Travel, 73 Fed. Reg. 27614, 27619 (May 13, 2008)).  United looks forward to having an opportunity to comment during the rulemaking process, and will any event ensure that its automated kiosks are in full compliance with any valid regulations that are issued by the DOT.

Dated: April 18, 2011   Respectfully submitted,

CODDINGTON, HICKS & DANFORTH

/s/ *Richard G. Grotch*

By: _____
    Richard G. Grotch
    Attorneys for Defendant
    United Air Lines, Inc.

- 3 -

US1DOCS 7909233v2